IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Case No. 3:26-cv-122

ELIZABETH MOORE, Individually and
As Administrator of THE ESTATE OF
THOMAS BENJAMIN MOORE, JR,
        Plaintiffs,

        vs.                                                    **NOTICE OF REMOVAL**

KTS SOLUTIONS, INC.
        Defendant.

TO:    The United States District Court
       For the Western District of North Carolina

       NOW COMES Defendant KTS Solutions, Inc. (hereinafter "Defendant"), by and through the

undersigned counsel, and do hereby exercise their rights under the provisions of 28 U.S.C. § 1441 *et

seq.*, to remove this action from the General Court of Justice, Superior Court Division, Gaston County,

North Carolina, in which this cause is now pending as Case No. 26CV00272-350.  Defendants show

unto the Court as follows:

       1.      This is an action of a civil nature in which the District Courts of the United States have

been given original jurisdiction pursuant to Title 28 U.S.C. § 1332 in that complete diversity of

citizenship existed at the time of the filing of this action and still exists as between the Plaintiffs and

the Defendants, and upon information and belief, the amount in controversy exceeds the sum of

$75,000.00 exclusive of interest and costs.

       2.      Under the provisions of 28 U.S.C. § 1441 et seq., the right exists to remove this cause

from the General Court of Justice, Superior Court Division, Gaston County, North Carolina, where

this action is pending, to the United States District Court for the Western District of North Carolina.

1

3.      On or about January 13, 2026, Plaintiffs filed the Complaint in this action in the Superior Court of Gaston County, North Carolina ("State Court Action") asserting a wrongful death claim against Defendant.

4.      The date on or before which Defendant is required by the Rules of Civil Procedure of the State of North Carolina to answer or otherwise plead to Plaintiffs' Complaint has not lapsed.

5.      The Complaint alleges that Plaintiffs are citizens and residents of Gaston County, North Carolina.

6.      Defendant KTS Solution, Inc. is a corporation organized and existing under the laws of the State of Virginia, with its principal place of business located in Woodbridge, Virginia.

7.      This Notice of Removal is being filed within thirty (30) days after the receipt by Defendant, through service or otherwise, of a copy of the initial pleading setting forth the claims for relief upon which the action is based.

8.      In accordance with the requirements of Title 28 U.S.C. § 1446, Defendant is attaching hereto a copy of all process, pleadings, and orders served upon them in this action (attached as Exhibit A).

9.      Pursuant to Title 28 U.S.C. § 1446, Defendant consents to the removal of this action.

10.     Service of this Notice of Removal is being made upon all parties as required by law.

11.     Properly after filing this Notice of Removal, Defendant will serve upon the Plaintiffs and file with the Clerk of Superior Court of Gaston County, North Carolina, as required by law, a "Notice of Filing of Notice of Removal" in the form attached as Exhibit B.

WHEREFORE, Defendant prays that this action be removed to this Court for further proceedings, as though this action had originally been instituted in this Court. Defendant further

2

requests that this Court assume jurisdiction over this action and proceed to a final determination thereof and that there be a trial by jury of all issues so triable.

This the 16th day of February, 2026.

YOUNG MOORE AND HENDERSON P.A.

BY:_ _/s/ Rachel O. Laughery_____
DAVID M. DUKE
N.C. State Bar No. 12388
RACHEL O. LAUGHERY
N.C. State Bar No. 59533
3101 Glenwood Ave., Suite 200
Raleigh, North Carolina 27612
Phone: (919) 782-6860
david.duke@youngmoorelaw.com
rachel.laughery@youngmoorelaw.com
*Attorneys for Defendant*

3

## CERTIFICATE OF SERVICE

The undersigned attorneys hereby certify that they electronically filed the foregoing document on the CM/ECF system and thereby served the foregoing document upon the parties shown below.

This the 16th day of February, 2026.

YOUNG MOORE AND HENDERSON P.A.

BY: __/s/ Rachel O. Laughery_____
      DAVID M. DUKE
      N.C. State Bar No. 12388
      RACHEL O. LAUGHERY
      N.C. State Bar No. 59533
      3101 Glenwood Ave., Suite 200
      Raleigh, North Carolina 27612
      Phone: (919) 782-6860
      david.duke@youngmoorelaw.com
      rachel.laughery@youngmoorelaw.com
      *Attorneys for Defendant*

Served on:

Dr. Ted Injury Law
Robert Herford
1201 N. Tryon Street
Charlotte, NC 28206
robertherford@drtedinjurylaw.com
*Attorney for Plaintiff*

4

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
ELIZABETH MOORE, Individually and As Administrator of THE ESTATE OF THOMAS BENJAMIN MOORE, JR.

## DEFENDANTS
KTS SOLUTIONS, INC.

**(b)** County of Residence of First Listed Plaintiff   NORTH CAROLINA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   VIRGINIA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Ted A. Greve & Associates, P.A.
Robert J. Herford, 1201 N. Tryon Street, Charlotte, NC
28206, (704) 804-7111

Attorneys *(If Known)*
Young Moore and Henderson, P.A.
David Duke and Rachel Laughery, 3101 Glenwood Ave., Suite 200
Raleigh, NC 27612, (919) 782-6860

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|                                          | PTF | DEF |                                                                 | PTF | DEF |
|------------------------------------------|-----|-----|-----------------------------------------------------------------|-----|-----|
| Citizen of This State                    | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State     | ☐ 4 | ☐ 4 |
| Citizen of Another State                 | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country  | ☐ 3 | ☐ 3 | Foreign Nation                                                  | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|----------|-------|--|--------------------|------------|----------------|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☒ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 375 False Claims Act<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act<br>☐ 896 Arbitration |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | **LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act<br><br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | **FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1  Original Proceeding
- ☒ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title 28 U.S.C. 1332, Diversity
Brief description of cause:
Personal Injury - Wrongful Death

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE
02/16/2026

SIGNATURE OF ATTORNEY OF RECORD
/s/ Rachel O. Laughery

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

Print   Save As...   Reset

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**   **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)**   **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)**   **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**.**  (See Section III below**; NOTE: federal question actions take precedence over diversity cases.)**

**III.**   **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**   **Nature of Suit.**  Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**   **Origin.**  Place an "X" in one of the six boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

**VI.**   **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.**   **Requested in Complaint.**  Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

# STATE OF NORTH CAROLINA

File No. **26CV000272-350**

_____ GASTON _____ County

In The General Court Of Justice
☐ District  ☒ Superior Court Division

| | |
|---|---|
| **Name Of Plaintiff**<br>ELIZABETH MOORE, Individually and As Administrator of<br>THE ESTATE OF THOMAS BENJAMIN MOORE, JR. | **CIVIL SUMMONS**<br>☐ **ALIAS AND PLURIES SUMMONS (ASSESS FEE)** |
| **Address**<br>243 Salem Avenue | |
| **City, State, Zip**<br>Dallas, NC 28034 | G.S. 1A-1, Rules 3 and 4 |

**VERSUS**

| | |
|---|---|
| **Name Of Defendant(s)**<br>KTS SOLUTIONS, INC. | **Date Original Summons Issued** |
| | **Date(s) Subsequent Summons(es) Issued** |

**To Each Of The Defendant(s) Named Below:**

| Name And Address Of Defendant 1<br>KTS Solutions, Inc.<br>Registered Agent: Tony Smith<br>1213 Mackinaw Drive<br>Wake Forest, NC 27587 | Name And Address Of Defendant 2 |
|---|---|

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| | |
|---|---|
| **Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff)**<br>Robert J. Herford<br>Ted A. Greve & Associates, PA<br>1201 North Tryon Street<br>Charlotte, NC 28206 | **Date Issued** 1/14/2026  **Time** 7:43:37 am  ☐ AM  ☐ PM |
| | **Signature** /s/ Carmen Cruz |
| | ☐ Deputy CSC   ☒ Assistant CSC   ☐ Clerk Of Superior Court |
| ☐ **ENDORSEMENT (ASSESS FEE)**<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | **Date Of Endorsement**  **Time**  ☐ AM  ☐ PM |
| | **Signature** |
| | ☐ Deputy CSC   ☐ Assistant CSC   ☐ Clerk Of Superior Court |

**NOTE TO PARTIES:** _Many counties have_ **MANDATORY ARBITRATION** _programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed._

(Over)

AOC-CV-100, Rev. 12/23
© 2023 Administrative Office of the Courts

I certify that this Summons and a copy of the complaint were received and served as follows:

## DEFENDANT 1

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

## DEFENDANT 2

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 12/23
© 2023 Administrative Office of the Courts

STATE OF NORTH CAROLINA
COUNTY OF GASTON

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION

ELIZABETH MOORE, Individually and )
As Administrator of THE ESTATE OF )
THOMAS BENJAMIN MOORE, JR. )
  )
  )
Plaintiffs, )
  )
v. )
  )
  )
KTS SOLUTIONS, INC. )
  )
Defendant. )

**COMPLAINT**

(Jury Trial Demanded)

 

**NOW COME** the Plaintiffs, by and through their undersigned counsel of record, and hereby complains of the Defendant as follows:

## PARTIES, JURISDICTION, & VENUE

1.     Elizabeth Ann Moore, as duly appointed Administrator of the Estate of Thomas Benjamin Moore (hereinafter "Plaintiff") is a citizen and resident of Gaston County, North Carolina.

2.     Upon information and belief, Defendant KTS Solutions, Inc. (hereinafter "Defendant") is a Virginia corporation which is authorized and regularly conducts business in the State of North Carolina.

3.     All parties are subject to the jurisdiction of the courts of North Carolina, and Gaston County is the proper venue pursuant to N.C. Gen. Stat. §1-82. The Gaston County Superior Court has proper personal and subject matter jurisdiction.

## NATURE OF THE CASE

4.     Paragraphs 1 through 3 are hereby alleged as if fully restated herein.

5.     This case arises as a result of the death of the Plaintiff by the negligence of Defendant.

6.     As a direct and proximate result of negligence of the Defendant, the Plaintiff sustained injuries resulting in his death and damages and hereby demands compensatory relief.

1

## FACTS

7.      Paragraphs 1 through 6 are hereby alleged as if fully restated herein.

8.      On or about January 2, 2024, Plaintiff had a doctor appointment at the South Charlotte VA Clinic, 3506 W. Tyvola Road, Charlotte, North Carolina.

9.      At the aforementioned time and place, the Defendant was hired to transport the Plaintiff to his medical appointment.

10.     Defendant was the owner of a medical transportation service that provided transportation in Charlotte, Gastonia and surrounding areas of North Carolina.

11.     At the aforementioned time and place and upon information and belief, KTS Solutions, Inc. provided transportation services and arrived at the South Charlotte VA Clinic to transport Mr. Moore to his home when the incident occurred.

12.     The Defendant's employees negligently allowed Mr. Moore's wheelchair to roll back and Mr. Moore fell backwards and struck his head and other parts of his body.

13.     Plaintiff was transported home but and became ill and on January 6, 2024, Mr. Moore was transported by EMS to CaroMont Hospital and placed in IMCU.  As a result of the severe injuries sustained from the fall, Mr. Moore was admitted and stayed in the hospital until January 13, 2024.

14.     On February 8, 2024, Mr. Moore became non-responsive and he was transported by EMS and admitted to CaroMont Hospital.

15.     Mr. Moore aspirated and went into septic shock. Mr. Moore's organs were failing and he passed away on February 14, 2024 at 10:23 p.m. at CaroMont Hospital.

## COUNT I:
## WRONGFUL DEATH

16.     Paragraphs 1 through 15 are hereby alleged as if fully restated herein.

17.     Defendant owed a duty of care to the Plaintiff and breached said duty by the acts and omissions alleged herein.

18.     As a direct and proximate result of the negligent acts and omissions of Defendant, as alleged herein, Defendant wrongfully caused the death of the Plaintiff in the following ways:

2

a.  Failing to secure Mr. Moore's wheelchair while moving him into the transportation vehicle.

b.  Failing to keep Mr. Moore safe and use precautionary measures to prevent Mr. Moore from falling and hitting the lift gate.

c.  Failing to properly instruct their employees on how to properly secure clients.

d.  Performing other negligent conduct resulting in this matter that the Court and parties may expose as discovery is exchanged; and,

e.  Performing other negligent conduct resulting in this matter that the Court and parties may expose during the trial of this matter.

19.  As a direct and proximate cause of the Defendant's negligence, the Plaintiff suffered severe personal injuries and death as further stated herein.


## DAMAGES

20.  Paragraphs 1 through 19 are hereby alleged as if fully restated herein.

21.  As a direct and proximate cause of Defendant's negligent acts and omissions alleged herein, the Plaintiffs suffered personal injuries, death, lost wages, and physical and mental pain and suffering.

22.  By reason of the aforesaid negligent acts and omissions of the Defendant, the Plaintiffs are informed and believe and therefore allege that they are entitled to recover for their injuries and damages an amount in excess of $25,000.00.


## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs seek judgment against the Defendant as follows:

1.  That the Plaintiffs have and recover of the Defendant a judgment in excess of Twenty Five Thousand Dollars ($25,000.00), for compensatory damages, plus pre-judgment interest from the date of the filing of this action and post-judgment interest until any verdict is paid;

2.  That the Defendant be taxed with the costs of this action;

3.  That the Plaintiffs recover reasonable attorney's fees as provided by North Carolina law;

4.  That the Plaintiffs receive a trial by jury on all issues triable by jury;

5.     For other such relief to which the Plaintiffs may be entitled given the allegations herein, and for any such other relief as the Court may deem just and proper.

**THIS** the 13th day of January, 2026.

_____
Robert J. Herford, NCSB #50134
**TED A. GREVE & ASSOCIATES, PA**
1201 North Tryon Street
Charlotte, NC 28206
(p)  704-804-7111
(f)  704-804-7151
(e)  robertherford@mydrted.com
*Attorney for Plaintiffs*

4

NORTH CAROLINA

GASTON COUNTY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
26CV000272-350

ELIZABETH MOORE, Individually and
As Administrator of THE ESTATE OF
THOMAS BENJAMIN MOORE, JR,

             Plaintiffs,

vs.

KTS SOLUTIONS, INC.,

             Defendant.

**ACCEPTANCE OF SERVICE**

        NOW COMES David M. Duke and Rachel O. Laughery, Attorneys for Defendants named in the Summons issued in the above-entitled civil action, and pursuant to Rule 4 of the North Carolina Rules of Civil Procedure, being duly sworn, deposes and says:

        1.  That the undersigned are the attorneys for Defendants;

        2.  That by the execution of this Acceptance of Service, the undersigned hereby accepts service of the Summons and acknowledges the receipt of a copy of the Summons and Complaint filed in said action on behalf of Defendant KTS Solutions, Inc.

        3.  That pursuant to Rule 4 of the North Carolina Rules of Civil Procedure, the undersigned hereby expressly makes a written acceptance and admission of service and submits to the jurisdiction of the Court wherein the Summons was issued in order that this acceptance and admission, and it does hereby, constitute a general appearance by the undersigned for all purposes;

        4.  The undersigned further acknowledges that this acceptance of service of process by notation of acceptance of service has the same force and effect as would exist had the process been served by other lawful method of service.

        This the 10th day of February, 2026.

YOUNG MOORE AND HENDERSON, P.A.
BY: */s/ Rachel O. Laughery*_____
DAVID M. DUKE, State Bar No. 12388
RACHEL O. LAUGHERY, State Bar No. 59533
3101 Glenwood Ave, Suite 200
Raleigh, North Carolina 27612
david.duke@youngmoorelaw.com
rachel.laughery@youngmoorelaw.com

Electronically Filed Date: 2/10/2026 3:47 PM Gaston Superior Court County Clerk of Superior Court

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that the foregoing document was served upon the attorneys shown below by electronic mail and via the court's electronic filing system.

This the 10th day of February, 2026.

YOUNG MOORE AND HENDERSON, P.A.

BY: */s/ Rachel O. Laughery*_____
DAVID M. DUKE
State Bar No. 12388
RACHEL O. LAUGHERY
State Bar No. 59533
3101 Glenwood Ave, Suite 200
Raleigh, North Carolina 27612
Phone: (919) 782-6860
david.duke@youngmoorelaw.com
rachel.laughery@youngmoorelaw.com

Served on:

Dr. Ted Injury Law
Robert Herford
1201 N. Tryon Street
Charlotte, NC 28206
robertherford@drtedinjurylaw.com
*Attorney for Plaintiffs*

NORTH CAROLINA

GASTON COUNTY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
26CV000272-350

ELIZABETH MOORE, Individually and
As Administrator of THE ESTATE OF
THOMAS BENJAMIN MOORE, JR,
Plaintiffs,

vs.

KTS SOLUTIONS, INC.,
Defendant.

**NOTICE OF FILING OF NOTICE OF
REMOVAL**

NOTICE IS HEREBY GIVEN that on the 16th day of February, 2026, Defendant KTS

Solutions, Inc. filed in the United States District Court for the Western District of North Carolina, a

Notice of Removal of this action to the United States District Court from the General Court of

Justice Superior Court Division of Gaston County, pursuant to 28 U.S.C. § 1446. A true copy of

that Notice of Removal is attached as Exhibit A. Accordingly, pursuant to 28 U.S.C. § 1446(d),

this Court shall proceed no further with this action unless and until the case is remanded.

This the _____[h] day of February, 2026.

YOUNG MOORE AND HENDERSON P.A.

BY:_____
DAVID M. DUKE
N.C. State Bar No. 12388
RACHEL O. LAUGHERY
N.C. State Bar No. 59533
3101 Glenwood Ave., Suite 200
Raleigh, North Carolina 27612
Phone: (919) 782-6860
david.duke@youngmoorelaw.com
rachel.laughery@youngmoorelaw.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

The undersigned attorneys hereby certify that the foregoing document has been served upon the attorneys shown below by the automated Notification of Service generated by the Court's electronic filing system and via electronic mail, addressed to said attorneys.

This the _____th day of February, 2026.

YOUNG MOORE AND HENDERSON P.A.

BY:_____
DAVID M. DUKE
N.C. State Bar No. 12388
RACHEL O. LAUGHERY
N.C. State Bar No. 59533
3101 Glenwood Ave., Suite 200
Raleigh, North Carolina 27612
Phone: (919) 782-6860
david.duke@youngmoorelaw.com
rachel.laughery@youngmoorelaw.com
*Attorneys for Defendant*

Served on:

Dr. Ted Injury Law
Robert Herford
1201 N. Tryon Street
Charlotte, NC 28206
robertherford@drtedinjurylaw.com
*Attorney for Plaintiff*